[794 NYS2d 681]

In the Matter of MATTHEW C. KEENAN, an Attorney, Resignor.

Second Department, May 9, 2005

#### APPEARANCES OF COUNSEL

*Howard Benjamin*, New York City, for resignor.

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

#### OPINION OF THE COURT

Per Curiam.

Matthew C. Keenan has submitted an affidavit dated December 17, 2004, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Keenan was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 11, 1991.

Mr. Keenan avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of its submission.

Mr. Keenan is aware that the Grievance Committee is currently investigating two complaints of professional misconduct against him alleging, inter alia, a failure to promptly pay or deliver settlement funds to a client and a failure to communicate with a client. He acknowledges that if charges were predicated upon the misconduct in question, he could not successfully defend himself on the merits against him.

Mr. Keenan's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order and is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. Mr. Keenan specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation.

Inasmuch as Mr. Keenan's resignation is in full compliance with the Court's rules, it is accepted, Mr. Keenan is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and LIFSON, JJ., concur.

Ordered that the resignation of Matthew C. Keenan is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Matthew C. Keenan is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Matthew C. Keenan shall promptly comply with this Court's rules governing the conduct of disbarred, suspended,

and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Matthew C. Keenan is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Matthew C. Keenan has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and Mr. Keenan shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).