[850 NYS2d 584]

In the Matter of KEITH G. RUBENSTEIN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 29, 2008

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Michael A. Gentile*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated January 31, 2006, containing nine charges of professional misconduct. After a preliminary conference and a hearing, the Special Referee sustained all nine charges. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems appropriate. The respondent cross-moves to disaffirm the Special Referee's report insofar as it sustained all charges or, in the alternative, if any of the charges are sustained, to limit the sanction to a suspension equal in length to the amount of time that the respondent will have been suspended on the effective date of that order with credit for time served, and that he be reinstated upon filing an updated affidavit of compliance.

Charge one alleges that the respondent allowed nonattorneys to exercise control over his practice of law, in violation of Code of Professional Responsibility DR 3-101 and DR 1-102 (a) (7) (22 NYCRR 1200.16, 1200.3 [a] [7]).

The respondent entered into a written employment agreement with Gem & R Management Corporation (hereinafter Gem & R), a business owned by a nonattorney, on or about May 29, 2002. Pursuant to that agreement, Gem & R was the employer and the respondent was the employee. The respondent agreed to practice personal injury law as an employee of Gem & R. From approximately May 2002 through December 2004, the respondent practiced personal injury law in Long Island City pursuant to that agreement. He agreed to give Gem & R complete authority to accept or reject personal injury clients for him and to establish legal fees with those clients. The respondent agreed to accept 10% of any contingent legal fee that he received while Gem & R took 90%.

The respondent agreed to give Gem & R custody and control of his client and/or case files and accounting records, to allow himself limited access to his client files and records, and to allow Gem & R to maintain his escrow account and other bank records. The respondent further agreed that if Gem & R terminated his employment, he would immediately sign and tender forms giving consent to change attorneys and cease contact with all clients.

Charge two alleges that the respondent shared legal fees with a nonlawyer, in violation of Code of Professional Responsibility DR 3-102 and DR 1-102 (a) (7) (22 NYCRR 1200.17, 1200.3 [a] [7]), based on the payment arrangement set forth in charge one.

Charge three alleges that the respondent engaged in a pattern and practice of paying for client referrals, in violation of Code of Professional Responsibility DR 2-103 (b) and DR 1-102 (a) (7) (22 NYCRR 1200.8 [b]; 1200.3 [a] [7]).

From approximately August 2002 through June 2005, the respondent filed or caused to be filed with the Office of Court Administration (hereinafter OCA) retainer statements indicating that approximately 180 clients had retained him for personal injury matters. Each personal injury client who retained the respondent through his Long Island City office was referred to him by Gem & R. The respondent compensated Gem & R for referring personal injury clients to him.

Charge four alleges that the respondent engaged in a pattern of filing improper retainer and closing statements with OCA

which contained false and misleading information, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]).

Between approximately August 2002 and June 2005, the respondent filed or caused to be filed with OCA approximately 180 retainer statements which indicated "self" as the source of the referral. The respondent knew that Gem & R had, in fact, referred each of those personal injury clients to him.

During that same interval, the respondent filed or caused to be filed with OCA at least 80 inaccurate closing statements. Those statements inaccurately reported the dates on which funds were paid to clients and the fees received by the respondent. The statements failed to report the name, address, and purpose for each disbursement charged against the settlement. In addition, the respondent failed to personally sign the retainer and closing statements.

Charge five alleges that the respondent engaged in a pattern and practice of failing to safeguard escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 and DR 1-102 (a) (7) (22 NYCRR 1200.46, 1200.3 [a] [7]).

At all times relevant to the petition, the respondent maintained a business account at Independence Community Bank. Between approximately May 2002 and December 2005, funds entrusted to the respondent, incident to his practice of law, were deposited into that nonescrow account.

Charge six alleges that the respondent failed to maintain required bookkeeping records for the funds coming into his possession as a lawyer, in violation of Code of Professional Responsibility DR 9-102 and DR 1-102 (a) (7) (22 NYCRR 1200.46, 1200.3 [a] [7]).

Charge seven alleges that the respondent engaged in conduct involving fraud, deceit, dishonesty, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]).

As an attorney admitted since 1991, the respondent was required to register with OCA on a biennial basis pursuant to Judiciary Law § 468-a. As part of the registration, the respondent was required to sign a statement affirming, inter alia, that he was in compliance with Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46). Although the respondent signed and filed such an affirmation on or about September 1, 2003, he was not then in compliance with that rule.

Charge eight alleges that the respondent falsely held himself out as a partner with another attorney, in violation of Code of Professional Responsibility DR 2-102 (c) and DR 1-102 (a) (7) (22 NYCRR 1200.7 [c]; 1200.3 [a] [7]).

The respondent sent or caused to be sent a letter on the letterhead of "Matthew C. Keenan & Keith G. Rubenstein, P.C." to GEICO Insurance Company. The respondent knew that no such entity existed.

Charge nine alleges that the respondent engaged in conduct involving fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

In the course of the letter outlined in charge eight, the respondent directed GEICO to issue a personal injury settlement check to him and a client, even though Matthew C. Keenan represented that client and had an interest in the settlement check. The respondent sent or caused that letter to be sent in order to obtain a check that he could negotiate without Mr. Keenan.

Based on the evidence adduced, the Special Referee properly sustained all nine charges of professional misconduct. The Grievance Committee's motion to confirm the Special Referee's report is granted and the respondent's motion to, inter alia, disaffirm is denied.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that the misconduct was wholly out of character and that he is remorseful. Character letters were submitted on the respondent's behalf by attorneys Christopher E. Chang and Barry I. Slotnick, who attest to his professionalism notwithstanding his aberrant misjudgment. Warren Estis, Esq., Steven Markowitz, and Larry Hutcher, Esq., testified as character witnesses for the respondent. The respondent notes that he has fully cooperated with the Grievance Committee's investigation into the serious misconduct of fellow attorney Matthew C. Keenan, who was disbarred based on his resignation by opinion and order dated May 9, 2005 (see Matter of Keenan, 19 AD3d 91 [2005]). When it became clear that the respondent's own conduct was potentially problematic, the respondent agreed to gather documents and information and return for a further deposition.

The respondent has no prior disciplinary history.

The respondent explained his reasons for expanding his practice into the personal injury field, his initially unsuccessful

forays into the personal injury field at a time when his practice was not going well and he was in the midst of a divorce, and his discussions with nonattorney/medallion cab entrepreneur Simon Garber, which, unfortunately, developed into the business arrangement which led to this disciplinary proceeding. Although the respondent had some ethical concerns about the agreement he entered into, he admittedly did not do enough to resolve those concerns. According to the respondent, his lackadaisical approach to "this patently foolish arrangement" was in sharp contrast to the manner in which he had previously and subsequently conducted his law practice.

Notwithstanding the absence of harm to any clients and the respondent's professed lack of venality, he is guilty of serious professional misconduct including allowing nonattorneys to exercise control over his law practice, maintaining escrow funds in a nonescrow account, and falsely holding himself out as an partner with another attorney who has since been disbarred. Despite the respondent's characterization of his ethical breaches as isolated misjudgments, it is evident from the time frame of the charges and his total abdication of control over his practice to nonattorneys, that the misconduct involved was pervasive. Under the totality of the circumstances, the respondent is disbarred for his professional misconduct.

PRUDENTI, P.J., CRANE, RIVERA, SKELOS and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the cross motion of the respondent, Keith G. Rubenstein, inter alia, to disaffirm the Special Referee's report is denied; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Keith G. Rubenstein, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Keith G. Rubenstein, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Keith G. Rubenstein, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another,

(2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Keith G. Rubenstein, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).